UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 6:10-CR-4-GFVT-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| THOMAS W. MAXWELL, JR. | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court, on referral (D.E. 54), considers reported violations of supervised release conditions by Defendant Thomas W. Maxwell, Jr. District Judge Van Tatenhove entered a judgment against Defendant on December 2, 2010, for failure to register as a sex offender, including a sentence of 37 months of imprisonment followed by a life term of supervised release, which included a number of special conditions. D.E. 28.

Defendant filed a notice of appeal to the Sixth Circuit on December 6, 2010. D.E. 29. On June 13, 2012, the Sixth Circuit filed its opinion in which it affirmed the length of Defendant's incarceration and term of supervised release, but vacated six special conditions of supervised release disputed by Defendant. D.E. 39. The conditions were that Defendant must not: 1) consume alcohol; 2) have sustained contact with minors; 3) possess or otherwise view pornography; 4) possess or use a device capable of creating pictures or video; 5) rent or use a post office box or storage facility, or; 6) possess or use any computer or other device that can access the internet. *Id.* On March 5, 2013, following a lengthy hearing in accordance with the Sixth Circuit opinion, District Judge Van Tatenhove entered an amended judgment against Defendant which deleted the fourth and fifth contested special conditions and modified the

remaining four.  D.E. 50.  Specifically, a time period of five years was added to the first condition; a time period of ten years was added to the second condition; the third was altered to encompass only pornography depicting violence, sexual assault, or rape, and; a time period of ten years was added to the sixth.  *Id.*  Defendant began his term of supervised release on February 19, 2013.

On June 18, 2013, the United States Probation Office ("USPO") issued a Supervised Release Violation Report ("the Report") charging Defendant with two violations, and secured a warrant from District Judge Van Tatenhove on June 20, 2013.  D.E. 53.  The Report alleges that Defendant violated the condition of his supervised release that states "the defendant's residence and employment shall be pre-approved by the probation officer and in compliance with state and local law."  It also charged that Defendant violated the condition that states "the defendant shall not associate with any person engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation office."

Specifically, the Report states that on June 5, 2013, Defendant's probation officer spoke with the manager of the transition house in Lexington, Kentucky, in which Defendant resided, and was told that he had not been seen there since June 2, 2013.  The manager stated that she had given Defendant authorization to stay the night with his girlfriend Lisa Bond (McDevitt), a convicted felon, at the Bryan Station Inn.  When contacted by Defendant's probation officer, the Bryan Station Inn stated that Defendant had checked out on June 3, 2013.  Defendant was later located at Good Samaritan Hospital in Lexington where he explained that his girlfriend had been hospitalized and that he had been staying there with her.  Defendant was directed to report to the probation office on June 6, 2013, and after reporting, was instructed to report each day until

further notice. He allegedly failed to report to the probation office from June 12 through 14, 2013, and his residence had not been approved as of the writing of the Report.

On July 9, 2013, the USPO issued a first Addendum ("Addendum 1") to the Supervised Release Violation Report charging Defendant with three additional violations. Addendum 1 alleges that Defendant violated the condition of his supervised release that states "the defendant shall not leave the judicial district without the permission of the court or the probation officer." It also charges that Defendant violated the condition that states "the defendant shall register as a sex offender as prescribed by state or federal law." Finally, Addendum 1 charges Defendant with violating the condition of his supervised release which states that "the defendant shall not commit another federal, state, or local crime," which specifically alleges that Defendant violated KRS 17.510(11) (failure to register as a sex offender).

Addendum 1 includes two Reports of Investigation ("the ROI") from the United States Marshals Service. The first ROI states that, following the issuance of the arrest warrant for Defendant on June 20, 2013, the Marshals Service located Defendant in Dayton, Ohio. It further states that Defendant's girlfriend had come to Lexington, Kentucky to see Defendant for two weeks, and that, at the end of that period, she and Defendant traveled back to Dayton so that she could report to her federal probation officer. The federal probation officer in Dayton then received word that Defendant was staying with his girlfriend at a residence in Dayton. The second ROI relates that Defendant was arrested in Dayton by the Marshals Service on July 3, 2013.

The Court conducted an initial appearance pursuant to Rule 32.1 on July 19, 2013, and set a final hearing following Defendant's knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. D.E. 57. Defendant did not request interim release pending the final

3

hearing. *Id.* At the outset of the final hearing, the United States raised the possibility of additional violations based on the alleged conduct listed in Addendum 1. Defendant did not object to a continuance in order for the existing violations and alleged conduct to be reviewed by the USPO. The Court continued the final hearing and directed USPO Officer Donte' Key to prepare and circulate to counsel and Chambers a second addendum to include any changes or additions he felt were warranted. D.E. 66.

On August 19, 2013, the USPO issued a second Addendum ("Addendum 2") to the Supervised Release Violation Report which clarified Violations 4 and 5 listed in Addendum 1. Addendum 1 alleges in Violation 4 that Defendant violated the condition that states "the defendant shall register as a sex offender as prescribed by state or federal law." It states specifically that he did not register in Kentucky. However, Addendum 2 adds that he also did not register as a sex offender in Ohio. Additionally, as to Violation 5, Addendum 2 charges Defendant with a violation of federal law (18 U.S.C. § 2250), as opposed to the Kentucky law cited in Addendum 1 (KRS 17.510(11)).

The Court conducted an initial appearance addressing Addendum 2 pursuant to Rule 32.1 on August 27, 2013, and set a final hearing following Defendant's knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. D.E. 7. At the final hearing on September 5, 2013, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 14. At the outset of the hearing, Defendant stated that he wanted to stipulate to the violations. Defendant competently entered a knowing, voluntary, and intelligent stipulation to all of the charged violations. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the charged violations as described in the Report, Addendum 1, and Addendum 2. *Id.* The United States then recommended a sentence of 18 months of incarceration followed

by reimposition of Defendant's life term of supervised release under the same conditions imposed in the Amended Judgment (D.E. 50). *Id.*

The Court has evaluated the entire record, including the original Judgment, the Sixth Circuit opinion, the transcript of Defendant's original sentencing and resentencing, Defendant's Pre-Sentence Investigation Report, the Amended Judgment, the Supervised Release Violation Report, Addendum 1, and Addendum 2. Additionally, the Court has considered all of the 18 U.S.C. § 3553 factors imported into the 18 U.S.C. § 3583(e) analysis. Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 18 U.S.C. § 2250 is a Class C felony. *See* 21 U.S.C. § 2250; 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under U.S. Sentencing Guidelines Manual § 7B1.1, Defendant's admitted conduct qualifies as four Grade C violations and one Grade B violation. Given Defendant's criminal history category of V (the category at the time of Defendant's underlying conviction) and a Grade B violation, *see* U.S. Sentencing Guidelines Manual § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that

constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's range, under the Revocation Table of Chapter 7, is 18–24 months. The Court has considered all of the 18 U.S.C. § 3553 factors imported into the 18 U.S.C. § 3583(e) analysis, and finds that revocation with 18 months of incarceration followed by a life term of supervised release subject to the same conditions as listed in the Amended Judgement (D.E. 50) is appropriate based upon those factors.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S. Sentencing Guidelines Manual 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant's significant breaches of the public's trust and the Court's trust is the factor weighing mostly heavily in the analysis of an appropriate sentence. Defendant's violation shows a lack of respect for the Court, a lack of understanding of the purposes underlying his supervised release conditions, and a lack of good judgment. While Defendant's violation does not strike the Court as purposeful, the trust invested in Defendant requires him to comply with his supervised release conditions in all respects. Thus, it behooves Defendant to contact his probation officer in advance if he is unsure whether the action he wishes to take will violate his conditions—something he did not do in this instance.

The nature and circumstances surrounding Defendant's original offense, again while not violent, are very serious. The requirement for sex offenders to register with local authorities is designed to protect the most vulnerable members of society, and Defendant's failure to do so

denies them that protection. It troubles the Court that Defendant violated the conditions of his release in part by committing the same offense of the underlying conviction.

Defendant's history and characteristics show a significant criminal history which resulted in a criminal history category of V at the time of his original sentence. Defendant's criminal history does not, however, reflect engagement in violent crime. As noted above, Defendant does not present the impression of a willful violator, but rather someone who is struggling to understand the conditions of his supervised release.

The need to deter criminal conduct and protect the public weighs strongly in this case. The best way to deter future criminal conduct by Defendant, and to protect the public, is for Defendant to understand and comply with the conditions of his supervised release. Defendant will be on supervised release for the rest of his life and so will need to understand and keep in mind his conditions at all times in order to avoid further incarceration.

The recommended sentence is within the Guidelines range and therefore addresses the need to avoid unwarranted sentence disparities among similarly situated defendants.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Defendant's conviction carried with it a maximum term of supervised release of life. *See id.* § 3583(k). If this Recommended Disposition is adopted, Defendant will serve 18 months of incarceration. A life term minus 18 months still leaves a supervised release term of life that may be reimposed following Defendant's revocation. The

parties agreed that such supervision is appropriate because Defendant's violations of the conditions imposed just a few months ago demonstrate that continued supervision is necessary.

Based on the foregoing, the Court **RECOMMENDS** revocation of supervised release and 18 months of incarceration with a life term of supervised release to follow under the same conditions imposed by District Judge Van Tatenhove in Defendant's Amended Judgment (D.E. 50). The Court incorporates the reasoning expressed by District Judge Van Tatenhove during Defendant's resentencing hearing as its reasoning for those conditions.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

This the 9th day of September, 2013.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge