UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:10-CR-4-GFVT-HAI |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| THOMAS W. MAXWELL, JR. ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

The Court, on referral, considers reported violations of supervised release conditions by Defendant Thomas W. Maxwell, Jr. District Judge Van Tatenhove entered an amended judgment against Defendant on March 5, 2013, for failure to register as a sex offender. D.E. 50. Defendant was sentenced to 37 months of imprisonment followed by a life term of supervised release, which included a number of special conditions. *Id.* Defendant began his first term of supervised release on February 19, 2013.

On June 18, 2013, the United States Probation Office ("USPO") issued a Supervised Release Violation Report ("the First Report") charging Defendant with two violations of the conditions of his supervised release. The First Report alleged that Defendant violated the condition of his supervised release requiring that his "residence and employment shall be pre-approved by the probation officer and in compliance with state and local law." The First Report also charged Defendant with violating the condition requiring that he "shall not associate with any person engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation office."

On July 9, 2013, the USPO issued an addendum to the First Report ("the First Addendum") charging three additional violations for leaving the judicial district without court permission, failing to register as a sex offender, and committing another federal, state, or local crime based on this failure. At the outset of the final supervised release hearing on September 5, 2013, Defendant stipulated to all violations. D.E. 70. The Court adopted the parties' joint recommendation of incarceration for eighteen months, and re-imposition of supervised release for a life term. D.E. 71. On October 4, 2013, District Judge Van Tatenhove adopted the undersigned's Recommended Disposition. D.E. 73. Defendant was released on October 22, 2014, to begin his second term of supervised release.

On November 20, 2014, the USPO issued a Supervised Release Violation Report ("the Second Report") charging Defendant with violating the conditions of his supervised release, and secured a warrant from District Judge Van Tatenhove. The Second Report alleged that Defendant violated the condition of his supervised release prohibiting possession or usage of a computer or device with access to on-line computer service. On February 23, 2015, the USPO issued an Addendum to the Second Report ("the Second Addendum"). The Second Addendum charges that Defendant violated the conditions of his supervised release by being convicted of violating the Kentucky state requirement that he comply with sex offender registration. Defendant stipulated to both violations, and he was sentenced to 24 months of incarceration with a lifetime term of supervised release to follow. Defendant was released on December 13, 2016, to begin his third term of supervised release.

**I.**

On February 13, 2017, the USPO issued a Supervised Release Violation Report ("the Third Report"). The Third Report charges Defendant with violating the condition requiring that

he "not possess or use a computer or any device with access to on-line computer service at any location . . .without the prior written approval of the probation officer for a period of 10 years. This includes any Internet service provider. . . ." Specifically, the Third Report alleges that USPO Collins observed the Defendant operating a smartphone at the Fayette County Public Library. When Defendant was confronted, it was discovered that he had two phones on his person that he admitted belonged to him. This is a Grade C Violation.

## II.

On February 14, 2017, the Court conducted an initial appearance pursuant to Rule 32.1 and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 101. At the initial appearance, the United States made an oral motion for interim detention. *Id*. Defendant did not argue for release. *Id*. The Court found detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id*.

At the final hearing on February 23, 2017, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 104. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violation. *Id*. For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violation as described in the report. *Id*. The United States thus established the violation under the standard of section 3583(e).

The parties did not agree as to the sentence to be imposed. The government argued for revocation with twenty-four months of incarceration, with a lifetime term of supervised release to follow. Defense counsel argued for revocation with ten months of incarceration, with a lifetime term of supervised release to follow.

### III.

The Court has evaluated the entire record, including the Third Report and accompanying documents, the record concerning prior violations, and Defendant's presentence investigation report. Additionally, the Court has considered all of the 18 U.S.C. § 3583 factors imported into the 18 U.S.C. § 3583(e) analysis. Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 18 U.S.C. § 2250 is a Class C felony. *See* 21 U.S.C. § 2250; 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under U.S. Sentencing Guidelines Manual § 7B1.1, Defendant's admitted conduct is a Grade C Violation. Given Defendant's criminal history category of V (the category at the time of Defendant's underlying conviction) and a Grade C violation, *see* U.S. Sentencing Guidelines Manual § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's range, under the Revocation Table of Chapter 7, is seven to thirteen months.

4

The United States argued for revocation with twenty-four months of imprisonment and lifetime supervision to follow. In recommending the statutory maximum term of imprisonment, the United States argued that Defendant's conduct represents a significant breach of the Court's trust. Defendant has been revoked twice previously and now faces another revocation for similar conduct committed within two months of his release from incarceration. The United States stated that Defendant fails to understand the significance of supervised release and is unwilling to avail himself of the benefits of supervision despite the fact that he is on lifetime supervised release. Additionally, the United States argued that Defendant's underlying offense, failure to register as a sex offender, significant criminal history, and repeated failed attempts to follow the conditions of his supervised release indicate a strong need to protect the public. The government acknowledged the fact that Defendant desires for his supervised release to be transferred to the USPO in Ohio; however, the government noted that this is unlikely to happen unless Defendant begins complying with the terms of his supervised release.

Defense counsel argued for a Guidelines Range Sentence of ten months of imprisonment, with a lifetime term of supervised release to follow. In support of this recommendation, defense counsel emphasized Defendant's lack of stability and explained that he is homeless and does not have a familial support system within this District. Defense counsel called USPO Collins as a witness to describe Defendant's personal situation, and USPO Collins explained that Defendant is homeless and does not have an address. Accordingly, Defendant was allowed to use the USPO as his address and received his mail there. One of the smartphones that serves as the basis for the current violation was mailed to the Defendant at the USPO without the USPO's knowledge. Defense counsel further explained that Defendant desires to transfer his supervision to Ohio to be closer to his family, but so far, his attempts at transfer have failed. Defense

counsel emphasized that Defendant has cooperated with the USPO and has reported each time he was instructed to do so, and argued that these were steps in the right direction towards total compliance. Defense counsel stated that if Defendant is to achieve stability, he must be permitted to move closer to his family.

Defendant addressed the Court and explained his repeated attempts to transfer his supervision to Ohio. He took full responsibility for his actions and asked the Court to impose a sentence in the ten-to-thirteen month range.

### IV.

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. The nature and circumstances of Defendant's underlying conviction are very serious. The requirement for sex offenders to register with authorities is designed to protect the public and in particular, the most vulnerable members of society, and Defendant's failure to comply with this registration requirement denies them that protection.

The Court next considers Defendant's history and characteristics and the need to deter criminal conduct and protect the public. Although Defendant claims that no one in this District is willing to provide him with stability, the record does not support this assertion. The USPO has attempted to help Defendant, and he has chosen not to avail himself of the benefits of supervision. Further, Defendant possessed two smart phones, and took advantage of the USPO in order to receive at least one of them. Smart phones are powerful devices that Defendant could use to contact potential victims, and the fact that Defendant wiped the phones before he was

confronted by USPO Collins is troubling. Accordingly, there is a strong need to deter criminal conduct and protect the public.

The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant has committed another serious breach of the Court's trust after being revoked for similar violations on two previous occasions. Defendant continues to engage in prohibited conduct that could endanger society and its most vulnerable members. He violated his conditions of supervision within weeks of being released from custody, and his possession of two smartphones, one of which he had mailed to the USPO, indicates that he does not respect the requirements of supervision. A significant term of incarceration is warranted because of Defendant's repeated violations and to protect the public and deter criminal conduct.

A twenty-four month sentence is an upward departure from the Guidelines Range of seven to thirteen months. Here, the above-Guidelines penalty is justified by the fact that Defendant has engaged in repeated violations in a relatively short amount of time after being released from incarceration. *See Johnson*, 640 F.3d at 205-06 (explaining that courts must give specific reasons for deviating from the Guidelines Range and ensure that the extent of the deviation is justified); 18 U.S.C. § 3553(c)(2). The Court is sympathetic to Defendant's homelessness; however, his homelessness is not causing him to make bad decisions. Defendant must comply

with the conditions of his supervised release. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A Court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's original conviction carries a maximum term of supervised release of life. 18 U.S.C. § 3583(k). Both sides recognize that a significant term of supervision is needed. Accordingly and for the reasons stated above, the Court will recommend that supervised release be re-imposed under the conditions previously imposed for a lifetime term. Defendant must learn to strictly comply with all conditions of his supervised release if he wishes to avoid future incarceration.

Based on the foregoing, the Court **RECOMMENDS** revocation of supervised release and twenty-four months of incarceration with a life term of supervised release to follow under the same conditions imposed by District Judge Van Tatenhove in Defendant's Amended Judgment (D.E. 50).

Defendant's right of allocution under Rule 32.1 is preserved, as reflect in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed upon District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and

rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

    This the 24th day of February, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge