UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | Civil Action No. 6:10-cr-00004-GFVT-HAI-1 |
|  | ) |  |
| V. | ) |  |
|  | ) | **ORDER** |
| THOMAS W. MAXWELL, JR., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court on Defendant Maxwell's violation of supervised release. [*See* R. 102.] Magistrate Judge Hanly Ingram issued a Recommended Disposition pursuant to Defendant's violation. [R. 105.] Judge Ingram recommended incarceration for a period of twenty-four months with a life term of supervised release to follow. [*Id*. at 8.]

**I**

**A**

Judge Ingram's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of the case. Except for what the Court summarizes in its discussion below, the Court incorporates his discussion of the record and the standard of review into this Order.

This Court entered an amended judgment against Maxwell on March 5, 2013, for failure to register as a sex offender. [R. 50.] He was sentenced for thirty seven (37) months imprisonment followed by a lifetime of supervised release. [*Id*.] Defendant Maxwell began his initial term of supervised release on February 19, 2013. [R. 105 at 1.] He first violated the

conditions of his supervised release on June 18, 2013 and was incarcerated for eighteen months with lifetime supervised release. [I*d*.] Defendant began his second term of supervised release on October 22, 2014. [I*d*. at 2.] He violated the conditions of his supervised release a second time and was sentenced to twenty four (24) months of incarceration. [I*d*.] Defendant began his third term of supervised release on December 13, 2016. [*Id*.]

Defendant Maxwell most recently violated his supervised release on February 13, 2017 by possessing a computer or device with access to the internet. [R. 105 at 2.] United States Probation Officer Collins observed Defendant at the public library using a cell phone and, when Defendant was confronted, he revealed he had two smart phones in his possession. [*Id*. at 3.] This is a Grade C Violation.

Defendant's criminal history category is V and his admitted conduct is a Grade C Violation. According to the U.S. Sentencing Guidelines Manual § 7B1.2(b), Defendant's guideline range is seven to thirteen months.

Defendant entered a stipulation to the charged violation at a hearing on February 23, 2017, conducted by Judge Ingram. [*Id*.] The parties did not agree on the sentence to be imposed. [*Id*.] The government argued for twenty-four months of incarceration and the defense argued for ten months incarceration. [*Id*.] Both parties agreed to a lifetime term of supervised release.

After hearing from the defendant and analyzing the record, Judge Ingram recommended revocation of Defendant's supervised release and twenty-four months imprisonment with a life term of supervised release to follow under the same conditions imposed by this Court in the Defendant's Amendment Judgment. [R. 50.] This is an upward departure from the guidelines.

2

Judge Ingram supported his upward departure recommendation by explaining what led to his recommendation and this Court agrees with his reasoning.

**B**

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Maxwell made a timely objection to the Recommendation. [R. 106.] Maxwell objected to the Magistrate Judge's recommendation of imprisonment for twenty-four (24) months and requested an allocution hearing. [R. 106.] An allocution hearing was held pursuant to Defendant's request. [*See* R. 110.] Maxwell's objections are sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the motions, briefing, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Defendants' objection will be **OVERRULED**.

**II**

**A**

Upward departures from the guidelines should be rare. When departing upward from the sentencing guidelines, the sentencing court must "consider carefully all of the facts and circumstances surrounding the case which affect the departure, and from them determine an appropriate sentence for the particular defendant." *United States v. Thomas*, 24 F.3d 829, 835 (6th Cir. 1994). District courts have discretion to depart from the guidelines as long as the defendant is given "a reasonable sentence." *Id*. at 836. Judge Ingram outlined several reasons for the upward departure he recommended and this court agrees with his reasons.

First, the underlying offense of failing to register as a sex offender is particularly serious. This crime emphasizes the Defendant's lack of awareness as to the importance of complying with the requirements of this Court in order to protect the public.

Second, the Defendant obtained one of the smart phones in question by sending it to the Probation Officer's office. Defendant was homeless at the time of the offense and asked to use the Probation Officer's address to ship a package. [*See* R. 105 at 6.] The Probation Officer did not know a cell phone had been shipped to his office until he confiscated the phone at the library. Further, the United States Probation Office reported that when they confiscated the smart phones from the Defendant, he could tell the smart phones had been wiped. This demonstrates Defendant's lack of respect and trust for this Court.

Third, this is the third time Defendant has violated the terms of his supervised release. As Judge Ingram noted, the primary wrong in this case is the repeated violation of the Court's trust. [*See* R. 1-5 at 7.] His repeated violations demonstrate to this Court that he does not

respect the guidelines placed on him due to this criminal activity and he has no intention to follow such guidelines.

During Defendant's allocution hearing, this Court was not convinced that the Defendant understood the nature and seriousness of his violations. Though this Court is sympathetic to Defendant's assertions of homelessness and difficulty obtaining employment, the United States Probation Office has repeated that they have attempted to help Defendant to no avail.

### III

In conclusion, after reviewing *de novo* the portions of the record pertaining to this supervised release, this Court holds that Defendant's objection is **OVERRULED**.

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby **ORDERED:**

1. The **Defendant's Objection [R. 106]** to the Magistrate's Report and Recommendation [R. 105] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [**R. 105**] is **ADOPTED** as explained by this order;

3. Thomas W. Maxwell Jr. is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the U.S. Probation Office and the Recommended Disposition of the Magistrate Judge;

3. Maxwell's supervised release is **REVOKED**;

4. Maxwell is **SENTENCED** to the Custody of the Bureau of Prisons for a term of twenty four (24) months with a life term of supervised release to follow; and

5. Judgment shall issue promptly.

This the 8th day of May, 2017.

Gregory F. Van Tatenhove
United States District Judge