UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS W. MAXWELL, JR., )<br>)<br>  Defendant. )<br>) | No. 6:10-CR-04-GFVT-HAI<br><br>RECOMMENDED DISPOSITION |

\*\*\* \*\*\* \*\*\* \*\*\*

On referral from District Judge Van Tatenhove (D.E. 114), the Court considers reported violations of supervised release conditions by Defendant Thomas W. Maxwell, Jr. This is his fourth revocation.

**I.**

District Judge Van Tatenhove entered an amended judgment against Defendant on March 5, 2013, for failure to register as a sex offender. D.E. 50; 18 U.S.C. § 2250(a). Defendant was sentenced to 37 months of imprisonment followed by a life term of supervised release, which included several special conditions. *Id.* Defendant began his first term of supervised release on February 19, 2013.

The first revocation proceedings began on June 18, 2013, when the United States Probation Office ("USPO") issued a report that charged Defendant with failing to obtain pre-approval for his residence and associating with a convicted felon without permission. An addendum (clarified by a second addendum) charged Defendant with leaving the judicial district without permission, failing to register as a sex offender under state law, and committing another crime, *i.e.*, failing to register as a sex offender. Defendant stipulated to all the violations and was

sentenced to eighteen months of imprisonment to be followed by lifetime supervision. Defendant was released on October 22, 2014, to begin his second term of supervised release.

The second set of revocation proceedings began on November 20, 2014, when the USPO charged Defendant with using a computer or device with access to on-line computer service. An addendum further charged failure to comply with Kentucky sex offender registration. Defendant stipulated to both violations, and he was sentenced to 24 months of incarceration with a lifetime term of supervised release to follow. Defendant was released on December 13, 2016, to begin his third term of supervised release.

The third set of revocation proceedings began on February 13, 2017, when the USPO charged Defendant with using two smartphones without permission. Defendant admitted guilt and was sentenced to another 24 months of imprisonment, followed by lifetime supervised release. Defendant began his fourth term of supervised release on January 4, 2019.

**I.**

On May 31, 2019, the USPO issued a Supervised Release Violation Report ("the Report") that initiated these proceedings. The Report charges two violations. The first violation concerns the condition that Defendant not possess or use any device with access to the internet without prior written approval by his probation officer. According to the Report,

> On May 7, 2019, the undersigned [probation officer] was informed that Mr. Maxwell reported two different numbers he could be contacted at by Vocational Rehabilitation. On May 17, 2019, the undersigned was informed by Mr. Maxwell that these were landlines. On May 28, 2019, the previously reported number 859-397-9139 was confirmed by the undersigned to be a smartphone that Mr. Maxwell was in possession of. On May 30, 2019, Mr. Maxwell was confronted about the smartphone. He confirmed he had purchased a smartphone and used said phone.

This is a Grade C violation.

Violation #2 alleges a violation of Defendant's condition requiring him to participate in a treatment program for mental health and sexual disorders and follow all program rules. According to the Report, the treatment provider informed the USPO that Defendant failed to attend his treatment on May 24, 2019. A representative of the provider said Defendant told them he had overslept. Defendant also told them he could not attend the group sessions "due to employment and would only be attending individual sessions." Defendant had also been "a poor participant" during his April 12, 2019, group session—dominating the session and getting the group off-track. This is a Grade C violation.

On June 7, 2019, the Court conducted an initial appearance on the Report pursuant to Rule 32.1 and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 119. At the initial appearance, the United States made an oral motion for interim detention; Defendant did not argue for release. *Id*. The Court found detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id*.

On June 17, 2019, the USPO issued an Addendum to the Report. The Addendum charges, in Violation #3, another violation of the condition that Defendant not use a device with access to the internet. According to the Addendum, the probation officer received a call on June 4 informing him that Defendant had another smartphone. Defendant was incarcerated at the time, and the officer visited his residence. Defendant's roommate showed the officer the phone "in plain view, next to Mr. Maxwell's bed" and confirmed the phone was Defendant's. The officer seized the phone.

> A subsequent search of the cell phone showed several pictures of pornography. There were several pornographic websites visited. Also search history showing searches for the "darkweb" and "darkweb signup." There was a

3

    picture recovered showing two topless females that appeared, to the undersigned, to be between the ages of 14-18 years of age.

This is another Grade C violation.

    The Court conducted an initial appearance on the Addendum on June 20, 2019. D.E. 121. Defendant waived his right to a preliminary hearing on Violation #3, and he was remanded to custody. *Id*. The parties were provided access to a forensic report generated by the search and the described pictures.

    On July 1, 2019, the USPO issued a Second Addendum to the Report. The Second Addendum charges in Violation #4 a violation of the condition prohibiting Defendant from possessing or viewing pornography that depicts violence, sexual assault, or rape. According to the Second Addendum, "During a search of the cell phone noted in Violation Number 3 an image was observed of a male with his hand around a female's neck, in a choking manner, while she performed a sexual act." This is a Grade C violation.

    The Court conducted an initial appearance on the Second Addendum on July 2, 2019. D.E. 123. Defendant waived his right to a preliminary hearing on Violation #4, and he was remanded to custody. *Id*. The parties were provided with the described image.

    At the final hearing on July 29, 2019, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 126. Defendant competently entered a knowing, voluntary, and intelligent stipulation to Violations #1, #2, and #3. *Id*. For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report and Addendum. *Id*. He admitted possessing two unapproved smartphones, and he admitted missing treatment in May. The United States thus established Violations #1, #2, and #3 under the standard of section 3583(e). The government moved to dismiss Violation #4. *Id*.

The government argued at the final hearing for a sentence of 24 months' imprisonment. The defense requested thirteen months. Both sides agreed lifetime supervision remained appropriate, and they agreed to a slight modification of a special condition.

## II.

The Court has evaluated the entire record, including the Report, Addenda and accompanying documents, the record concerning prior violations, and documents related to the underlying conviction. Additionally, the Court has considered all the 18 U.S.C. § 3583 factors imported into the 18 U.S.C. § 3583(e) analysis. Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 18 U.S.C. § 2250 is a Class C felony. *See* 21 U.S.C. § 2250; 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007). Under U.S.S.G. § 7B1.1, Defendant's admitted conduct comprises Grade C violations. Given Defendant's criminal history category of V (the category at the time of Defendant's underlying conviction) and Grade C violations, Defendant's range, under the Revocation Table of Chapter 7, is seven to thirteen months. *See* U.S.S.G. § 7B1.2(b).

A Court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's original conviction carries a maximum term of supervised

release of life. 18 U.S.C. § 3583(k). Both sides recognized that another lifetime term of supervision was appropriate under these circumstances. The undersigned will recommend that lifetime supervised release be re-imposed under the conditions previously imposed, with one agreed-to change to the existing conditions (to be described below).

### III.

At the final hearing, the government called witnesses to provide evidence relevant to sentencing. The first witness was Defendant's probation officer, Glenn Collins. Officer Collins testified that analysis of the phone described in Violation #3 revealed "searches for the dark web." Officer Collins described the dark web as applications and websites designed to facilitate illegal activities. Officer Collins said the "dark web" searches occurred during the period Defendant possessed the phone. He could not testify to the timing of the pictures and applications found on the phone.

Officer Collins said the phone contained images of "child erotica," which he specified as pictures of children in lingerie. He said there was also a picture depicting two "underage" girls topless. There were other pornographic images as well. Officer Collins testified the phone was linked to email accounts that had parts of Defendant's name in the email addresses. The phone had other communication applications installed, including WhatsApp and Google Cloud Messaging. The phone also contained several "selfies of Mr. Maxwell." Officer Collins specified that the violation conduct consisted of Defendant accessing the internet without Officer Collins's prior approval. The phone described in Violation #1 was never recovered.

The government's 24-month recommended sentence (the statutory maximum) varies upward from the Guidelines Range of seven to thirteen months. The government said the variance was justified by the need to protect the public. It contended Defendant has shown he is

incapable of following the "simple instructions" of his probation officer; intense supervision is needed because of Defendant's propensity for violence and sexual misconduct. The government also argued Defendant has not repaid the Court's trust. Since age 19, Defendant has not had a single year without a criminal conviction or supervision violation while he has been in society. He repeatedly violated his state probation in the past, just as he has repeatedly violated his federal supervision. In fact, this is his fourth revocation.

The government further recommended that Defendant's ten-year internet restriction be re-started upon his release from prison. The government recommended court-ordered treatment but acknowledged that this was covered by the existing conditions.

The defense argued that a sentence within the Guidelines was appropriate and recommended thirteen months—at the top of the Range. The defense was not sure how Defendant could be helped. There is "something mental health-wise that isn't clicking." The defense argued that Defendant needed a phone for work purposes, but could not explain why Defendant did not seek clearance from his probation officer.

Defendant addressed the Court. He said he suffered from opposition-defiance disorder, along with ADHD and depression. But he has not been able to obtain medications. In addition to medicine, Defendant said he needs a mentor like the one he had in a halfway house. "I need extra support to keep me on track." He said he bought the phone underlying Violation #3 second hand and did not know everything that might be saved in its memory. He said his roommate could have used the phone, too.

At the final hearing, the probation officer asked the Court to revise the special condition related to "restricted materials." Neither party objected to the revised language, which is provided at the end of this recommendation.

The Court noted at the final hearing that, if Defendant is sentenced to 24 months, then his aggregate incarceration terms (37, 18, 24, 24, and possibly 24 months) will exceed the length of the *statutory maximum sentence* on his underlying conviction—ten years. 18 U.S.C. § 2250(a). The parties stated that they read the PROTECT act to authorize revocation time to exceed the original statutory maximum sentence. Nevertheless, the Court asked both sides to brief the issue.

The government in its post-hearing brief identified a 1993 Sixth Circuit case in which a defendant with a 30-month conviction sentence was subjected to a 36-month revocation sentence. Although the issue was not that the revocation sentence exceeded the statutory maximum, the appellate court noted that a revocation sentence above the statutory maximum would still be proper because, first, the original sentence and the revocation sentence are driven by separate statutes. D.E. 127 at 1-2 (citing *United States v. Wright*, 2 F.3d 175 (6th Cir. 1993)). Second, as the court explained, "a defendant can be sentenced to the statutory maximum for the underlying offense and still be subject to supervised release and likewise be subject revocation." *Id*. at 2. The government further pointed to more recent cases in other Circuits that reached similar conclusions. *Id*. at 2-4.

The defense did not cite any case law in its filing. D.E. 128-1. But the defense stated its research indicated "the statutory maximum term of imprisonment is only applicable at the time of sentencing on the original offense, and that the statutory maximum is reset upon revocation of supervised release to the term allowed by 18 USC § 3583(e)." *Id*.

Thus, the parties agree that Defendant may be sentenced to an imprisonment term that would, when combined with all the time previously imposed, exceed 120 months.

## IV.

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. The nature and circumstances of Defendant's underlying conviction are very serious. The requirement for sex offenders to register with authorities is designed to protect the public, particularly the most vulnerable members of society. Defendant's failure to comply with this registration requirement denies them that protection.

The Court next considers Defendant's history and characteristics and the need to deter criminal conduct and protect the public. These factors all merge together because Defendant has such a checkered history of violating his release conditions by using internet-capable devices without permission. Defendant's reported mental health issues do not provide a sufficient excuse for repeatedly violating the simple prohibition against unapproved use of internet-capable devices. As the Court has noted before, Defendant could use a smartphone to contact potential victims. And his viewing of pornography, child erotica, and violent erotica can only feed his inner demons that have led him into a life of crime. Accordingly, there is a strong need to deter criminal conduct and protect the public.

Another factor is the need for additional training or treatment. Defendant's treatment program is a critical aspect of his supervision, and one of the violations concerns his failure to attend treatment and his poor participation in group sessions. Defendant's release conditions, of course, already include treatment. It is necessary for Defendant to take treatment seriously going forward; it may be his best hope to avoid more prison time in the future.

The Guidelines suggest the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant has committed another serious breach of the Court's trust after being revoked for similar violations on three previous occasions. Defendant continues to engage in prohibited conduct that could endanger society and its most vulnerable members. Once again, he was found possessing two smartphones. He has not learned his lesson. A significant term of incarceration is warranted because of Defendant's repeated violations and to protect the public and deter criminal conduct.

One factor the Court must consider is the need to avoid unwarranted sentencing disparities. This factor is usually addressed by imposing a within-Guidelines sentence. Here, the Court recommends a sentence above the Guidelines Range of seven to thirteen months. When varying from the Range, the Court must provide an adequate explanation and "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). The Court must state "'the *specific reason* for the imposition of a sentence different from that described [in the applicable Guidelines or policy statements.]'" *Id.* (quoting 18 U.S.C. § 3553(c)(2)).

A 24-month sentence is an upward deviation from the Guidelines Range of seven to thirteen months. The recommended sentence and the Guidelines Range are the same now as they were last time. As before, the above-Guidelines penalty is justified by the fact that Defendant has engaged in repeated violations in a relatively short amount of time after being released from

incarceration. Defendant needs to take his treatment seriously, and he needs to be open and honest with his probation officer. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

Based on the foregoing, the Court **RECOMMENDS:**

(1) That, based on his stipulations, Defendant be found guilty of Violations #1, #2, and #3.

(2) Dismissal of Violation #4 upon the government's motion, without prejudice.

(3) Revocation with a sentence of 24 months of imprisonment.

(4) Reimposition of lifetime supervised release. The ten-year restriction on internet use should restart upon Defendant's release. Otherwise, the conditions should be the same as those previously imposed (*see* D.E. 112), except for a change to the Special Condition concerning "restricted materials" (the condition underlying Violation #4) as recommended by the probation officer. *See id*. at 112. The condition should say, "You must not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available." This revised condition, which was agreed to by the parties, is more broadly written than the previous version, which is specifically limited to materials involving violence, sexual assault, and rape.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **fourteen days** after being served with a copy of this

recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission. If Defendant chooses to waive allocution, he **SHALL** do so on or before the deadline for filing objections.

This the 8th day of August, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge