UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:10-CR-00004-GFVT-HAI |
| V. | ) | |
| THOMAS W. MAXWELL, JR., | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 131.] Defendant Thomas W. Maxwell has been charged with two violations of his supervised release. *Id*. at 2–3.

On December 1, 2010, this Court sentenced Mr. Maxwell to thirty-seven months imprisonment for failure to register as a sex offender.[1] [R. 27; R. 28.] He began his lifetime term of supervised release on February 19, 2013. [R. 131 at 1.] Shortly thereafter, on June 20, 2013, Mr. Maxwell was arrested for violations of his supervised release. [R. 52.] The United States Probation Office (USPO) charged him with failing to obtain pre-approval for his residence and associating with a convicted felon without permission, later amending the violations to include leaving the judicial district without permission, failing to register as a sex offender, and committing another crime. [R. 131 at 1.] He stipulated to these violations, and this Court sentenced him to an additional eighteen months imprisonment. [R. 73; R. 74.]

Mr. Maxwell was released on October 22, 2014, to resume his lifetime term of supervised

---

[1] After appeal, the Sixth Circuit vacated this sentence and remanded for resentencing on limited grounds. [R. 40.] Mr. Maxwell was resentenced on February 22, 2013, to thirty-seven months. [R. 48; R. 50.]

release. [R. 131 at 2.] Less than a month later, the USPO charged him with use of a computer or device with access to online computer service, later amending the charges to include failure to comply with Kentucky sex offender registration. [R. 75; R. 76.] Again, he stipulated to these violations, and the Court sentenced him to twenty-four months imprisonment. [R. 86; R. 87.] He finished this term on December 13, 2016, spent two months on supervised release, and then was charged by USPO with using two smartphones without permission. [R. 97.] The Court sentenced him to another twenty-four months imprisonment. [R. 110; R. 111; R. 112.] He was released for his fourth time on January 4, 2019. [R. 131 at 2.]

According to the Supervised Release Violation Report (the Report) issued by the USPO on May 31, 2019, Mr. Maxwell has committed two violations of his supervised release conditions. *Id*. Mr. Maxwell had given USPO two phone numbers by which to contact him, representing that both numbers were landlines. *Id*. However, upon further investigation, USPO determined one of the numbers to belong to a smartphone. *Id*. When confronted, Mr. Maxwell confirmed he had purchased and used the smartphone. *Id*. Use of a device with access to the internet without prior approval by the USPO is a Grade C Violation. Additionally, Mr. Maxwell's supervised release requires him to participate in a treatment program for mental health and sexual disorders. [R. 112 at 5.] However, the Report alleges that Mr. Maxwell failed to attend his treatment on May 24, 2019. [R. 131 at 3.] He told the provider that he had overslept, and that he would no longer be attending the group sessions. *Id*. This is also a Grade C Violation.

Upon his initial appearance before Magistrate Judge Hanly A. Ingram on June 7, 2019, Mr. Maxwell knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. [R. 119.] The United States moved for interim detention and Mr. Maxwell did not object. *Id*.

Judge Ingram determined detention was appropriate, as he had failed to overcome the burden for release under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

After this hearing, the USPO filed an Addendum to the Report, charging him with a violation of the condition that Mr. Maxwell was forbidden to use a device with access to the internet. [R. 131 at 3.] Mr. Maxwell was incarcerated, and when a Probation Officer visited his residence, Mr. Maxwell's roommate showed the officer the phone "in plain view, next to Mr. Maxwell's bed." *Id.* A search of this phone showed visits to several pornography websites and a photograph recovered from the phone showed a topless female who appeared to be between the ages of fourteen and eighteen. *Id.* at 3–4. Judge Ingram conducted an initial appearance on this Addendum on June 20, 2019. [R. 121.] Again, Mr. Maxwell knowingly, voluntarily, and intelligently waived his right to a preliminary hearing and he was remanded to custody. *Id.*

But then, on July 1, 2019, the USPO issued a Second Addendum. [R. 131 at 4.] Upon further search of the confiscated phone, the USPO observed an image "of a male with his hand around a female's neck, in a choking manner, while she performed a sexual act." *Id.* Mr. Maxwell's conditions of supervised release prohibit him from possessing or viewing pornography that depicts violence, sexual assault, or rape. [R. 112 at 5.] Based on the observed image, the Second Addendum charged Mr. Maxwell with violation of this condition, a Grade C Violation. [R. 131 at 4.] Judge Ingram conducted a third initial appearance for Violation #4, where Mr. Maxwell knowingly, voluntarily, and intelligently waived his right to a preliminary hearing and was remanded to custody. [R. 123.] Judge Ingram held a final revocation hearing for all four violations on July 29, 2019, where Mr. Maxwell competently entered a knowing, voluntary, and intelligent stipulation to Violations #1, #2, and #3, while the Government moved to dismiss Violation #4. [R. 126.]

With Mr. Maxwell's criminal history category of V and Grade C violations, Judge Ingram calculated his Guidelines Range to be seven to thirteen months. [R. 131 at 5.] The United States requested revocation and an above-guidelines sentence of twenty-four months, while Mr. Maxwell argued for thirteen months. *Id*. The Government argued this upward departure was justified by the need to protect the public, as Mr. Maxwell has repeatedly violated his supervision and shown a propensity for violence and sexual misconduct. *Id*. at 6–7. Since he was nineteen years old, Mr. Maxwell has not gone a single year out of prison without violating his supervision or a criminal conviction. *Id*. at 7. This is his fourth federal revocation, but he repeatedly violated his state probation in the past as well. *Id*. Counsel for Mr. Maxwell argued for a sentence at the top of the Guidelines, citing Mr. Maxwell's mental health. *Id*. Also, at the final hearing, the USPO requested revision of the special condition related to "restricted materials," to which neither party objected. *Id*.

Judge Ingram noted that Mr. Maxwell has been sentenced to thirty-seven, eighteen, twenty-four, and twenty-four months for this conviction and subsequent revocations, totaling 103 months. *Id*. at 8. An additional twenty-four months for this revocation would exceed the statutory maximum sentence of ten years for his underlying conviction. *Id*. Both sides submitted supplemental briefing. *Id*. According to the Sixth Circuit, a revocation sentence exceeding the statutory maximum would be proper because different statutes govern the original sentence and the revocation sentence. *United States v. Wright*, 2 F.3d 175, 179 (6th Cir. 1993.) As the Sixth Circuit explained, a defendant can be sentenced to a statutory maximum sentence for the underlying conviction, but still be subject to supervised release revocation. *Id*. at 180.

After consideration of the nature and circumstances of Mr. Maxwell's conviction, as well as his history and characteristics, Judge Ingram found revocation to be appropriate. *Id*. at 10–11.

Judge Ingram noted the seriousness of Mr. Maxwell's underlying offense, as well as the repeated violations, each shortly after his release. *Id*. Because of these repeated violations and failure to be honest with the USPO, Judge Ingram recommended a twenty-four months sentence to protect the public and deter criminal conduct. *Id*. The conditions of Mr. Maxwell's supervised release are designed to protect the most vulnerable members of our society from sex offenders, and Mr. Maxwell has repeatedly failed to comply with these provisions.

Finally, this Court echoes Judge Ingram's concern about this breach of the Court's trust. This marks the fourth revocation of Mr. Maxwell's supervised release, all for similar breaches of the Court's trust. *Id*. at 10. For the previous violation, the Court imposed an above-Guidelines sentence of twenty-four months, yet Mr. Maxwell has chosen to again flout his obligations of his supervised release. Thus, the Court agrees with and adopts Judge Ingram's finding that incarceration for a period of twenty-four months, an upward variance, is sufficient, but not greater than necessary to reflect the § 3553(a) factors.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Mr. Maxwell has indicated he has no objections to Judge Ingram's Report and Recommendation and has filed a waiver of allocution. [R. 132.] He does request that the Court recommend to the Bureau of Prisons that he complete his prison term in a facility located in either Marion, Illinois, or Tucson, Arizona. *Id*.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474

U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 131**] as to Defendant Thomas W. Maxwell, Jr., is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Maxwell is found **GUILTY** of Violation #1, Violation #2, and Violation #3;

3. Violation #4 is **DISMISSED** with prejudice;

4. Mr. Maxwell's Supervised Release is **REVOKED**

5. Mr. Maxwell is hereby **SENTENCED** to a term of incarceration of **twenty-four (24) months** with a re-imposition of **lifetime** supervised release of under the conditions previously imposed;

6. Mr. Maxwell's ten-year restriction on internet use should restart upon his release;

7. The Special Condition concerning "restricted materials" involving violence, sexual assault, and rape **IS MODIFIED** to read, "You must not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available";

8. The Court **RECOMMENDS** to the Bureau of Prisons that Mr. Maxwell serve his term of imprisonment at a facility in either Marion, Illinois, or Tucson, Arizona; and

9. Judgment shall enter promptly.

This the 28th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge