UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:10-CR-04-GFVT-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| THOMAS W. MAXWELL JR., | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral, considers reported supervised release violations by Defendant Thomas Maxwell Jr.  District Judge Van Tatenhove entered an Amended Judgment against Defendant on March 5, 2013, for Defendant's violation of 18 U.S.C. § 2250(a), which prohibits failing to register as a sex offender.  D.E. 50.  Defendant was originally sentenced to 37 months of imprisonment and a lifetime term of supervised release, which included specified conditions.  D.E. 50.  Defendant was released from custody to begin service of his life term of supervised release on February 19, 2013.

The first revocation proceedings began on June 18, 2013, when the United States Probation Office ("USPO") issued a report that charged Defendant with failing to obtain preapproval for his residence and associating with a convicted felon without permission. An addendum (clarified by a second addendum) charged Defendant with leaving the judicial district without permission, failing to register as a sex offender under state law, and committing another crime, *i.e.*, failing to register as a sex offender.  Defendant stipulated to all the violations and was sentenced to eighteen months of imprisonment to be followed by lifetime supervision.  D.E. 74.  Defendant was released on October 22, 2014, to begin his second term of supervised release.

The second set of revocation proceedings began on November 20, 2014, when the USPO charged Defendant with using a computer or device with access to on-line computer service. An addendum further charged failure to comply with Kentucky sex offender registration. Defendant stipulated to both violations, and he was sentenced to 24 months of incarceration with a lifetime term of supervised release to follow. D.E. 87. Defendant was released on December 13, 2016, to begin his third term of supervised release.

The third set of revocation proceedings began on February 13, 2017, when the USPO charged Defendant with using two smartphones without permission. Defendant admitted guilt and was sentenced to another 24 months of imprisonment, followed by lifetime supervised release. D.E. 112. Defendant began his fourth term of supervised release on January 4, 2019.

The fourth set of revocation proceedings began on May 31, 2019, when the USPO charged Defendant with using a smartphone without permission and failing to attend required sex offender treatment. An addendum (clarified by a second addendum) charged Defendant with use of an additional smartphone without permission. Defendant stipulated to the first three violations and was sentenced to another 24 months of imprisonment, followed by lifetime supervised release. D.E. 134. The government's motion to dismiss the fourth violation was granted. *Id.* Defendant was released on March 11, 2021, to begin his fourth term of supervised release.

The fifth set of revocation proceedings began on May 7, 2021, when the USPO issued a supervised violation report that included two charged violations. D.E. 149 at 3. That report was amended on May 18, 2021, to add an additional two charges. *Id*. at 4. Those four violations were: (1) lying to Defendant's probation officer, (2) possessing or using a computer or other device with access to an online computer service without prior written approval from a probation officer, (3) failing to notify probation of a change to living arrangements at least 10 days prior to those

changes, and (4) a second charge of possessing a device with internet access without probation's approval. *Id*. at 3-5. Defendant ultimately stipulated to the second violation in exchange for a recommended sentence of 21 months of imprisonment, followed by lifetime supervision and a dismissal of the other three charged violations. *Id*. at 5-6. District Judge Van Tatenhove entered judgment reflecting that sentence. D.E. 154. Defendant was released to being his fifth period of supervised release on December 16, 2022.

On July 14, 2023, the USPO issued the Supervised Release Violation Report ("the Report") that initiated these proceedings and secured an arrest warrant on July 19, 2023. Defendant was arrested on July 20, 2023. The Report charges Defendant with one violation. Violation #1 alleges that Defendant's residency at Dismas Charities Manchester's ("Dismas") facility was terminated, thereby breaching a condition of his supervision. This is a Grade C violation. Defendant's termination resulted from his repeated violations of Dismas's rules, as explained in a letter attached to the Report. Defendant repeatedly lied to Dismas's staff, repeatedly attempted to obtain devices with internet access without probation's permission, and regularly initiated conflicts with other residents at Dismas.

## I.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on July 21, 2023. D.E. 160. During the initial appearance, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention; Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on August 10, 2023, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 161. Defendant waived a formal hearing and stipulated to the violation

set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to that violation and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that Defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he/she engaged in conduct that is a Grade C violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(3).

During the final hearing, the parties recommended different sentences. The government argued for the maximum possible sentence of 24 months-incarceration and a lifetime term of supervised release. In contrast, Defendant argued that he should be given a within-Guidelines sentence. Additionally, Defendant requested a shorter term of supervised release than lifetime supervised release.

II.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 18 U.S.C. § 2250(a) is a Class C felony. *See* 18 U.S.C. § 3559(a)(3). For a Class C felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is 2 years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F.

4

App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted).  The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."  U.S.S.G. § 7B1.1(b).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade C violation. Given Defendant's criminal history category of V (the category at the time of Defendant's underlying conviction in this District) and a Grade C violation, Defendant's Range, under the Revocation Table of Chapter 7, is 7 to 13 months.  *See* U.S.S.G. § 7B1.4(a).  Both parties agreed to this calculation of the range.  Consistent with the guidance of appellate courts, this Court takes the Guidelines-recommended sentence as its starting point and has remained cognizant of it in forming its recommended revocation sentence.  *E.g.*, *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

III.

The Court has reviewed the entire record, including the Report and its accompanying documents, and Defendant's underlying judgment and sentencing materials.  The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis.  Through that consideration, the Court will recommend that Defendant's supervision be revoked and that he be sentenced to an 18-month term of imprisonment followed by a lifelong term of supervised release.  The Court is cognizant that this is an upward deviation from the Guidelines Range but

believes that the upward deviation is justified based on the factors contained in 18 U.S.C. § 3553(a) and incorporated into 18 U.S.C. § 3583(e).

The Court's consideration of all the statutory factors informs its recommended sentence of revocation with 18 months of imprisonment followed by lifelong supervised release. *See* 18 U.S.C. §§ 3553(a), 3583(e). Likewise, the parties addressed the statutory factors in making their sentencing recommendations to the Court. The government focused on Defendant's repeated supervised-release violations and underlying, initial crime. The defense focused on Defendant's progress in completing his sex offender treatment program. Defense counsel also drew attention to the fact that Defendant's residence at Dismas resulted from his inability to obtain housing elsewhere.

The Court first considers the nature and circumstances of Defendant's conviction. The nature and circumstances of Defendant's underlying conviction are very serious. The requirement for sex offenders to register with authorities is designed to protect the public, particularly the most vulnerable members of society. Defendant's failure to comply with this registration requirement denies them that protection.

The Court next considers Defendant's history and characteristics. The Court finds the fact that this is Defendant's *sixth* revocation strongly indicates that the District Judge should impose a longer sentence. Defendant's repeated violations indicate that he has a history of stubbornly disregarding the law. That lack of respect for the law, and Defendant's repeated violations of it counsel an increased sentence. Although the Court acknowledges that Defendant's separation from his family in Ohio due to the Probation Office's refusal to relocate him may be difficult for him, that refusal to relocate does not excuse his repeated supervised release violations.

The need to deter criminal conduct, both for Defendant and society generally, and the need to protect the public from further crimes, heavily influence the Court's recommended sentence, specifically its recommendation of an additional term of supervision. Defendant's repeated violations indicate that he remains a danger to society by demonstrating his willingness to ignore the law's requirements. That disregard for legal requirements imposed upon him illustrates his willingness to act contrary to established rules, which potentially places others in danger. For example, Defendant's three attempts to gain smartphones, each thwarted by the staff at Dismas, demonstrate his willingness to place himself in a situation where he could once again harm vulnerable members of society through unapproved internet-capable devices. *See* D.E. 131 (2019 Recommended Disposition). Defendant's potential danger to members of society and the deterrence value of imposing a lengthier sentence for repeat violators support upwardly deviating from the sentence recommended by the Guidelines.

The Court must also consider whether a defendant needs any education, training, or treatment. The Court therefore takes into consideration the fact that Defendant had progressed further than he previously had in his sex offender treatment program while also acknowledging that Defendant still has not actually completed it. This mixed factor is not sufficiently mitigating to counterbalance the other § 3553(a) factors that support an above-Guidelines sentence.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines Range. Yet, in this case, the Court believes a sentence outside of the advisory Guidelines Range is appropriate. In such a scenario, the Court must provide a "specific reason" for going outside of the Guidelines Range. *See United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (requiring that any deviation from the Guidelines

Range be supported by a specific reason that justifies the extent of the deviation). Here, the Court notes that Defendant's repeated and rapidly occurring breaches of the Court's trust in violating the terms of his supervised release with six resulting revocations amply supports deviating upward.

In fashioning its recommended sentence, the Court must take into account whether an additional term of supervised release is warranted. Both Defendant's repeated supervised release violations and Defendant's need to complete sex offender treatment support the imposition of an additional term of supervised release.

Finally, the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily Defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant has committed another serious breach of the Court's trust after being revoked for similar violations on five previous occasions. Defendant continues to engage in prohibited conduct that could endanger society and its most vulnerable members. This time, his repeated violations of Dismas's rules led that entity to terminate his residency with it. He has still not learned his lesson. A significant term of incarceration is warranted because of Defendant's repeated violations to protect the public and deter unlawful conduct.

### IV.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

(1) That Defendant be found guilty of the violation;

(2) Revocation and imprisonment for a term of 18-months; and

(3) Lifelong supervised release under the conditions contained in Defendant's prior revocation judgment (D.E. 154).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. D.E. 161. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 17th day of August, 2023.

Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**

9