UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:10-cr-00004-GFVT-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| THOMAS W. MAXWELL, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 162.] In 2013, this Court sentenced Defendant Thomas Maxwell to thirty-seven months of imprisonment followed by a life term of supervised release for Mr. Maxwell's failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). [R. 50.] The United States Probation Office now charges Mr. Maxwell with one violations of his terms of supervision for having his residency at Dismas Charities Manchester's facility terminated. [R. 162 at 3.] This is a Grade C violation and stemmed from Mr. Maxwell repeatedly lying to Dismas staff, attempting to obtain devices with internet access, and initiating conflicts with other residents. *Id.*

Mr. Maxwell appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 160.] During the hearing, Mr. Maxwell competently, knowingly, voluntarily, and intelligently waived his rights to a preliminary hearing. *Id.* On August 10, 2023, Mr. Maxwell appeared before Judge Ingram for his final hearing. [R. 161.] Here, Judge Ingram found that Mr. Maxwell "competently, knowingly, voluntarily, and intelligently" stipulated to the charged violation. *Id.*

After hearing the parties' arguments, Judge Ingram issued a Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. [R. 162.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen days after service. *Id.* at 7; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed and no party has objected to the Report and Recommendation. Mr. Maxwell also waived his right to allocution. [R. 163.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 162]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Maxwell is found **GUILTY** of the above violation;

3. Mr. Maxwell's supervised release is **REVOKED**;

4. Mr. Maxwell is **SENTENCED** to a term of incarceration of **eighteen months**, followed by a lifelong term of supervised release under the conditions contained in Mr. Maxwell's prior revocation judgment [R. 154]; and

5. Judgment shall enter promptly.

This the 22d day of September, 2023.

Gregory F. Van Tatenhove
United States District Judge