UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS W. MAXWELL JR., )<br>)<br>   Defendant. ) | No. 6:10-CR-04-GFVT-HAI<br><br>RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove (D.E. 167), the Court considers reported violations of supervised release conditions by Defendant Thomas W. Maxwell Jr. This is his seventh revocation.

**I.**

District Judge Van Tatenhove entered an amended judgment against Defendant on March 5, 2013, for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). D.E. 50. Defendant was originally sentenced to 37 months of imprisonment and a lifetime term of supervised release, which included specified conditions. *Id.* Defendant was released from custody to begin service of his life term of supervised release on February 19, 2013.

The first revocation proceedings began on June 18, 2013, when the United States Probation Office ("USPO") issued a report that charged Defendant with failing to obtain preapproval for his residence and associating with a convicted felon without permission. An addendum (clarified by a second addendum) charged Defendant with leaving the judicial district without permission, failing to register as a sex offender under state law, and committing another crime, *i.e.*, failing to register as a sex offender. Defendant stipulated to all the violations and was sentenced to eighteen

months of imprisonment to be followed by lifetime supervision. D.E. 74. Defendant was released on October 22, 2014, to begin his second term of supervised release.

The second set of revocation proceedings began on November 20, 2014, when the USPO charged Defendant with using a computer or device with access to online computer service. An addendum further charged failure to comply with Kentucky's sex offender registration requirement. Defendant stipulated to both violations and was sentenced to 24 months of incarceration with a lifetime term of supervised release to follow. D.E. 87. Defendant was released on December 13, 2016, to begin his third term of supervised release.

The third set of revocation proceedings began on February 13, 2017, when the USPO charged Defendant with using two smartphones without permission. Defendant stipulated to the violation and was sentenced to another 24 months of imprisonment, followed by lifetime supervised release. D.E. 112. Defendant began his fourth term of supervised release on January 4, 2019.

The fourth set of revocation proceedings began on May 31, 2019, when the USPO charged Defendant with using a smartphone without permission and failing to attend required sex offender treatment. An addendum (clarified by a second addendum) charged Defendant with use of an additional smartphone without permission. Defendant stipulated to the first three violations and was sentenced to another 24 months of imprisonment, followed by lifetime supervised release. D.E. 134. The government's motion to dismiss the fourth violation was granted. *Id.* Defendant was released on March 11, 2021, to begin his fifth term of supervised release.

The fifth set of revocation proceedings began on May 7, 2021, when the USPO issued a supervised release violation report that included two charges. That report was amended on May 18, 2021, to add an additional two charges. Those four violations were: (1) lying to Defendant's

probation officer, (2) possessing or using a computer or other device with access to an online computer service without prior written approval from a probation officer, (3) failing to notify probation of a change to living arrangements at least ten days prior to those changes, and (4) a second charge of possessing a device with internet access without probation's approval. Defendant ultimately stipulated to the second violation and was sentenced to 21 months of imprisonment followed by lifetime supervision. D.E. 154. The government's motion to dismiss the other violations was granted. *Id*. Defendant was released to begin his sixth period of supervised release on December 16, 2022.

The sixth set of revocation proceedings began on July 14, 2023, when the USPO issued a supervised release violation report that charged Defendant with failing to observe the rules of the Dismas Charities Manchester in violation of his conditions of supervised release. Defendant stipulated to the violation and was sentenced to an additional eighteen months of imprisonment followed by lifetime supervision. D.E. 165. Defendant was released to begin the current period of supervised release on December 20, 2024.

## II.

On July 1, 2025, the USPO issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. The Report charges Defendant with four violations. All four relate to two smartphones used in violation of his conditions of supervision, one Defendant received illicitly, and one the USPO initially approved that was upgraded to include mobile data without authorization. Violation # 1 alleges that Defendant provided false information to his probation officer concerning how he obtained and used the unauthorized phone, in violation of Standard Condition # 4 of his conditions of release. Violation # 2 alleges that Defendant used the unauthorized devices to view pornographic content, in violation of Special Condition # 10.

3

Violation # 3 alleges that Defendant possessed a device capable of creating pictures and videos, in violation of Special Condition # 11.  Violation # 4 alleges Defendant possessed and used devices with access to online computer services, in violation of Special Condition # 10.  All four violations are Grade C violations.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on July 9, 2025.  D.E. 169.  During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing.  *Id.*  At that time, the United States made an oral motion for detention.  *Id.*  Defendant argued for release, but, based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required.  *Id.*

At the final hearing on July 24, 2025, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583.  D.E. 171.  Defendant waived a formal hearing and stipulated to the violations set forth in the Report.  *Id.*  The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made.  *Id.*  The Court also found the stipulation to be consistent with the advice of Defendant's counsel.  *Id.*

The Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release."  18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release.").  Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade C violation under the Guidelines.  *See* U.S. Sent'g Guidelines Manal § 7B1.1(a)(3) (U.S. Sent'g Comm'n 2023).

### III.

At the final hearing, the government argued for revocation with a term of imprisonment of twenty-one months followed by two years of supervised release. Defense counsel argued for a within-Guidelines term of imprisonment with no supervised release to follow.

In support of its recommendation of twenty-one months of imprisonment, the government focused primarily on Defendant's breach of the Court's trust, highlighting the repeated nature of Defendant's violations. It discussed how Defendant's dishonesty seriously undermines the purpose of supervised release by depriving the USPO of its ability to monitor Defendant's activities and protect the public. The continued breach of the Court's trust, the government argued, justifies a longer sentence of imprisonment upon revocation.

Concerning the recommended term of supervised release, the government sought a two year period under the same conditions of release as the previous revocation judgment (D.E. 165). The government explained that Defendant's repeated violations indicate supervised release will not rehabilitate Defendant, but continued supervision will assist in supervised release's other goal – protecting the public. The government expressed hope that giving Defendant a specified end date could motivate him to comply with his conditions of release. If Defendant can completely abide by his conditions for the full two years, the government stated it would feel confident that Defendant fully understands that the law applies to him.

The government also indicated it is unopposed to loosening some of Defendant's conditions of release if Defendant proves compliant during this term of supervised release, such as allowing access to online entertainment platforms like Netflix. The government explained it has no issue with Defendant being granted some Internet access, so long as the USPO could monitor his usage and search the device at will. United States Probation Officer Melissa Markwell

5

advised that the USPO had attempted to do this in the past, for example, by allowing Defendant to access to public library computers, but Defendant still found ways to engage in illicit activity by getting devices without the USPO's knowledge. She noted, however, that the USPO had not attempted the government's suggestions or given Defendant Internet access during a finite term of supervised release.

Defense counsel argued that Defendant should be sentenced to a Guidelines-range term of imprisonment and no further supervised release. Regarding imprisonment, defense counsel stressed that Defendant's long history of violations in the face of lengthy revocation terms must be indicative of some mental deficiency. Defense counsel clarified that there was no competency issue, Defendant was able to understand the proceedings and the law. But, defense counsel explained, Defendant's behavior demonstrates irregular thought patterns that justify a Guidelines-range term of imprisonment. In arguing against further supervised release, defense counsel raised doubts that Defendant could be successful on this revocation, given his consistent record of failure. Defense counsel further argued that the restrictions of Defendant's supervised release make it impossible for him to participate in society. In this digital age, defense counsel said, everything requires access to the Internet, including employment. Concerning the public safety component, defense counsel pointed out that the sex offender registry includes safeguards that will protect society when Defendant is no longer under the USPO's supervision.

Defendant also spoke to the Court. He urged the Court to adopt the government's recommended two-year supervision period. He explained that he believed he could comply with his conditions of release this time and wished to prove his ability to the Court. Defendant expressed how difficult it had been to go so long without seeing his mother in Ohio, and his desire to live a normal life.

6

Additionally, during the hearing Officer Markwell requested that the Court recommend to the Bureau of Prisons that Defendant be considered for Residential Reentry Center placement in Ohio, as close to Canton, Ohio as possible. Officer Markwell explained Defendant's family and support network live there. She also pointed out that there are few resources in the Eastern District of Kentucky that Defendant can continue to access.

## IV.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 18 U.S.C.§ 2250(a) is a Class C felony. *See* 18 U.S.C. § 3559(a)(3). For a Class C felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is 2 years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade C violation. Given Defendant's criminal history category of V (the category at the time of Defendant's

7

underlying conviction in this District) and a Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, is 7 to 13 months. *See* U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range. Consistent with the guidance of appellate courts, this Court takes the Guidelines-recommended sentence as its starting point and has remained cognizant of it in forming its recommended revocation sentence. *E.g., Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

## V.

The Court has reviewed the entire record, including the Report and Defendant's underlying judgment and sentencing materials. The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis. Through that consideration, the Court recommends that Defendant's supervision be revoked and that he be sentenced to an above-Guidelines, eighteen-month term of imprisonment with two years of supervised release to follow. The Court also recommends a special condition requiring a status conference one year into Defendant's term of supervised release to assess his conditions based on his compliance.

In analyzing the 18 U.S.C. § 3553(a) factors, the Court first considers the nature and circumstances of the underlying offense. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). This factor remains consistent across Defendant's six prior revocations. The original offense, failure to register as a sex offender, is a serious one. The requirement that sex offenders register with authorities is designed to protect the public, particularly the most vulnerable members of society. Failing to register denies the public that protection. The underlying facts of the crime leading to the registration requirement were particularly extreme. Defendant's actions caused real harm, and the repercussions should have

8

weighed on him. It does not appear that they have given Defendant's continued refusal to abide by the law.

The Court next considers Defendant's history and characteristics. Defendant's repeated violations justify the imposition of an above-Guidelines sentence. His decision-making is abnormal. Even when facing up to two years of prison time, Defendant has refused to comply with the conditions of his release. Most in Defendant's position would have learned from their mistakes at this point. His proven disrespect for the law warrants a higher sentence. The Court recognizes Defendant wants to feel as if he is participating in society as a normal person, with access to new digital forms of communication, including online dating between adults, and entertainment. But the Court warns Defendant that his abnormal history and decision-making differentiates him from others, and refraining from participation in this part of the world may likely be a healthier choice.

The Court also considers the need to deter criminal conduct and protect the public. Defendant has blatantly refused to obey the law and follow conditions of release that were drafted to keep the public safe from him. As the Court has expressed on multiple occasions, accessing internet-capable devices and using them to view pornographic materials demonstrates Defendant's willingness to put himself in a situation that could lead him to cause further harm. Just as registry on the sex offender list is necessary to protect society, Defendant's conditions of release were crafted to control his dangerous behavior. Defendant's potential danger to members of society and the deterrence value of imposing a lengthier sentence for repeat violators support upwardly deviating from the sentence recommended by the Guidelines.

Another factor focuses on opportunities for education and treatment. The existing condition concerning Defendant's participation in a mental health and sexual disorder treatment program adequately addresses this need. D.E. 165 at 5.

The Guidelines suggest that the *primary* wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 2582(e). This breach of trust is particularly egregious, given the *six* prior revocations with the same characteristics of dishonesty. Defendant's level of deception is alarming. It is clear that Defendant knew he was violating his conditions and took deliberate steps to conceal his activity from his probation officer. This disrespect for the Court justifies the recommended term of imprisonment and supervised release.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines Range. Yet, in this case, the Court believes a sentence outside of the advisory Guidelines Range is appropriate. In such a scenario, the Court must provide a "specific reason" for going outside of the Guidelines Range. *See United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (requiring that any deviation from the Guidelines range be supported by a specific reason that justifies the extent of the deviation). Here, the Court notes that Defendant's repeated and rapidly occurring breaches of the Court's trust in violating the terms of his supervised release with seven resulting revocations amply supports deviating upward.

In fashioning its recommended sentence, the Court must consider whether an additional term of supervised release is warranted. Defendant's repeated violations justify the imposition of further supervised release. Continued supervised release is necessary to protect the public given Defendant's unwillingness to abide by the law. The Court hopes that a finite period of supervised release, as opposed to lifetime supervision, will help motivate Defendant to strive for compliance. If Defendant were able to abide by his conditions for a full year, the Court believes a re-evaluation of some conditions could be warranted.

For the reasons discussed herein and during the final hearing, the Court finds that eighteen months of incarceration with an additional two years of supervised release to follow is sufficient, but not greater than necessary, to address the incorporated sentencing factors.

## VI.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court recommends:

(1) Defendant be found guilty of the four violations.

(2) Revocation and imprisonment for a term of eighteen months.

(3) Two years of supervised release following the end of Defendant's term of imprisonment under the conditions contained in Defendant's prior revocation judgment (D.E. 165).

(4) The addition of a condition requiring a status conference one year into Defendant's term of supervised release to assess the continued propriety of Defendant's conditions of release. The probation officer shall promptly contact the undersigned after Defendant's release so this conference can be scheduled.

  (5)  That any Bureau of Prisons Residential Reentry Center placement be located in the Northern District of Ohio, or as close to Canton, Ohio, as possible.

  The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

  Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission. If Defendant chooses to waive allocution, he SHALL do so on or before the deadline for filing objections.

  This the 29th day of July, 2025.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge

12